UNITED STATES of America,
Appellee,

v.

Fardin SHARIFIPOUR, Defendant–
Appellant.

No. 06–3996–cr.

United States Court of Appeals,
Second Circuit.

Dec. 17, 2007.

Paul Evangelista, Assistant Federal Public Defender (Molly Corbett, on the brief), Albany, NY, for Defendant–Appellant.

Brenda K. Sannes, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney, James C. Woods, Assistant United States Attorney, on the brief), Syracuse, NY, for Appellee.

1. Honorable Charles S. Haight, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

PRESENT: Hon. CHESTER J. STRAUB, Hon. PETER W. HALL, Circuit Judges, and Hon. CHARLES S. HAIGHT, JR.,[1] District Judge.

## SUMMARY ORDER

Defendant–Appellant Fardin Sharifipour appeals from a judgment entered on August 9, 2006 in the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*) convicting him, after a plea of guilty, of receiving stolen mail, in violation of 18 U.S.C. § 1708. Defendant was sentenced principally to 24 months' imprisonment. The parties' familiarity with the balance of the facts and procedural history of this case is assumed.

On appeal, Sharifipour argues that the District Court at sentencing did not comply with 18 U.S.C. § 3553(a),[2] requiring remand for resentencing. We find no merit in Sharifipour's challenges to his sentence, which we review for reasonableness. *See United States v. Fernandez*, 443 F.3d 19, 25–26 (2d Cir.2006). Although we have instructed district courts to consider all of the factors in § 3553(a) in sentencing, we have not required district courts to · explain explicitly how they are accounting for each and every factor provided therein. *See id.* at 29 (rejecting any such "rigorous requirement of specific articulation" (quoting *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir.2005))). Accordingly, we "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [his or her] duty to consider the statutory factors" enumerated in § 3553(a). *Id.* at 30.

2. Section 3553(a) sets forth factors a court should consider in determining a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

Sharifipour argues that the District Court erred in stating that information concerning Mike McKeon's involvement in the crimes was "irrelevant," because the information should have been considered under 18 U.S.C. §§ 3553(a)(1) and (2). However, contrary to Sharifipour's assertions, the District Court did consider McKeon's involvement, reasoning that it did not "accept that" "Sharifipour would not have committed these crimes had it not been for Mr. McKeon," and that Sharifipour's gambling habit was "at the heart of what generated" the crimes. Similarly, the District Court permissibly rejected Sharifipour's argument for a reduced sentence based upon the similarity to the conduct underlying his state conviction, stating "[c]learly, I could do what defense counsel suggests; I just don't believe it's appropriate in this case." There is no indication in the record that the District Court failed to consider all of the § 3553(a) factors in rendering Sharifipour's sentence; we therefore "presume ... [that the District Court] has faithfully discharged [its] duty to consider the[se] factors." *Id.* at 30.

Accordingly, we AFFIRM the judgment of the District Court.